# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHANIEL LIVINGSTON, JR.,

        Petitioner,                                    Case Number: 2:08-CV-14965

v.                                                       HON. LAWRENCE P. ZATKOFF

NANCY FRANCIS,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Nathaniel Livingston, Jr., an inmate currently incarcerated at the Hamilton County Jail, in Cincinnati, Ohio, has filed a *pro se* petition for a writ of habeas corpus. The petition was originally filed in the United States District Court for the Southern District of Ohio, which transferred the matter to this Court. Petitioner has failed to exhaust his state court remedies with respect to the claims presented in his habeas petition. The Court, therefore, shall dismiss the petition without prejudice.

## I.

In his petition, Petitioner challenges a detainer lodged against him based upon a civil contempt order and sentence entered in Washtenaw County Circuit Court. Petitioner claims that the detainer is unconstitutional because it is based upon a sentence rendered without the benefit of counsel and in his absence. He further argues that the contempt order was the product of judicial incompetence and bias.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (C); *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner has failed to show that he has attempted to exhaust his Michigan state court remedies prior to filing his habeas corpus petition. Further, he has failed to show that state court remedies are unavailable or ineffective. Therefore, the Court will dismiss the petition without prejudice to allow Petitioner to exhaust his state court remedies.

**II.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 11, 2008.

                                         S/Marie E. Verlinde
                                         Case Manager
                                         (810) 984-3290